# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|   |   |
|---|---|
| Y.W.,<br><br>　　　　　　　　**Plaintiff,**<br><br>　　　　v.<br><br>KIMBERLY ROBERTS, VERONICA ZERON, PATRICIA AUFIERO, UNKNOWN TEACHER, and NEW MILFORD BOARD OF EDUCATION,<br><br>　　　　　　　　**Defendant.** | Civ. No. 2:14-01642<br><br><br>OPINION |

### WILLIAM J. MARTINI, U.S.D.J.:

　　Plaintiff Y.W. brought this Section 1983 action against two employees of the New Jersey Division of Child Protection and Permanency, Kimberly Roberts and Veronica Zeron (collectively, "Defendants"), alleging violations of his substantive and procedural due process rights under the Fourteenth Amendment in connection with an investigation of him for child abuse. In June 2018, the parties cross-moved for summary judgment, and Plaintiff moved for an adverse inference based on spoliation of evidence. ECF Nos. [108] and [111]. The Court denied Plaintiff's motions and denied in part and granted in part Defendants' motion. ECF No. [120]. Plaintiff now moves for reconsideration of the Court's rulings on summary judgment and for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). ECF No. [123]. Because Plaintiff has failed to meet the high standard required on a motion for reconsideration and has failed to meet the requirements for discretionary interlocutory appeal, the Court **DENIES** the motion.

### I.　　BACKGROUND

　　The underlying facts relevant to Plaintiff's Motion for Reconsideration are set forth in the Court's September 5, 2018 Opinion, ECF No. [119] ("Opinion"), and the Court assumes the parties' familiarity with the facts and procedural history of this case and writes solely for their benefit.

　　In the Opinion, the Court denied Plaintiff's motion seeking an adverse interference against Defendants based on spoliation of evidence, denied Plaintiff's motion for summary

judgment on Plaintiff's substantive and procedural due process claims, and denied Defendants' motion for summary judgment on Plaintiff's procedural due process claim. ECF No. [120]. The Court granted Defendants' motion for summary judgment on Plaintiff's substantive due process claim. *Id.* Based on these rulings, only Plaintiff's procedural due process claim survived summary judgment.

Plaintiff now moves for reconsideration of these rulings, and, in the alternative, for certification of two questions for interlocutory appeal under 28 U.S.C. § 1292(b). In support of his motion for reconsideration of the substantive due process claims, Plaintiff moves for reconsideration on three grounds. First, he argues that the Court incorrectly applied three Third Circuit cases: *Mammaro v. N.J. Div. of Child Prot. & Permanency*, 814 F.3d 164 (3d Cir.), *as amended* (Mar. 21, 2016); *Miller v. City of Phila.*, 174 F.3d 368 (3d Cir. 1999); and C*roft v. Westmoreland Cty. Children & Youth Servs.*, 103 F.3d 1123 (3d Cir. 1997). Second, Plaintiff argues that the Court failed to identify "any element that would [show] Y.Y. was abused or was in any risk of danger of abuse or neglect," requiring summary judgment in Plaintiff's favor on the substantive due process claim. *Id.* at 4; *see also id.* at 1, 3 ("[T]here was no evidence whatsoever corroborating that the Child is likely in danger of abuse or neglect."). And, third, Plaintiff argues that the Court's finding that "Plaintiff did not have a clearly established right to be free from the imposition of supervised contact based on the facts presented here" was in error because the Court misapplied the requirement that, in order to survive summary judgment on the basis of qualified immunity, the right in question must be "clearly established at the time of the challenged conduct." *See* ECF No. [123-1] at 6-13.

As to the procedural due process claims, Plaintiff reargues the legal merits of its substantive due process claims, citing to *B.S. v. Somerset Cnty.*, 704 F.3d 250, 271 (3d Cir. 2013); *Isbell v. Bellino*, 962 F. Supp. 2d. 738 (M.D. Pa. 2013); and *Doe v. Fayette Cty. Children & Youth Servs.*, No. CIV.A. 8-823, 2010 WL 4854070 (W.D. Pa. Nov. 22, 2010), and argues that the Court should have granted summary judgment in Plaintiff's favor.

Finally, Plaintiff requests certification of two questions for interlocutory appeal as follows:

> Question 1: The controlling question for a substantive due process claim is: whether a safety protection plan of supervised contact is a clearly established usurpation of the familial rights of substantive due process after the official has completed interviewing all the child's collaterals and did not discover any reasonable evidence that the child was abused or in danger of abuse?
>
> Question 2: The controlling question for a procedural due process claim is: when the official fails to disclose the right to

> oppose the safety protection plan and fails to disclose the right
> to a post deprivation hearing, whether the parent's signature
> to that safety protection plan constitutes a valid waiver to any
> procedural due process otherwise owed to the parent?

Opposition to the motion was due on October 18, 2018, and Defendants, who are represented by the Office of the Attorney General for the State of New Jersey, failed to timely file any response or request an extension of time by which to do so. ECF No. [122].

On October 23, 2018, the Court held a previously scheduled settlement conference. Counsel for Defendants failed to appear. ECF No. [128]. On the record, the Court expressed grave concerns regarding Defendants' lapses in attention to the Court ordered deadlines in this matter. ECF No. [129]. By way of letter filed by Deputy Attorney General Randall B. Weaver later that day, counsel for Defendants filed new notices of appearance and requested an extension of time to respond to the instant motion. ECF No. [125]. Defendants opposed the requested extension, ECF No. [126]. On October 24, 2018, the Court granted a one-week extension of time on October 24, 2018, ECF No. [127], and ordered Plaintiff need not file a reply brief.

Defendants filed their opposition on October 31, 2018. ECF No. [130]. In the opposition, Defendants argue that Plaintiff has failed to "meet the threshold for reconsideration" because Plaintiff has not identified a clear error of law or fact, an intervening change in the controlling law, or new evidence that was previously unavailable. *Id.* at 3. Rather, Plaintiff "expresses disagreement" with this Court's decision. *Id.* Defendants take no position on Plaintiff's motion for certification of interlocutory appeal, but argue that, should the Court grant such certification, the Court should not certify Plaintiff's questions as posed but should instead approve Defendants' modified questions. *Id.* at 4-6.

Despite the Court's order that no reply was necessary, on November 5, 2018, Plaintiff filed a letter brief, docked as a "Reply Brief," that simultaneously requests leave to file a reply brief and submits Plaintiff's arguments on reply. ECF No. [131]. The reply brief repeats Plaintiff's challenges as articulated in its opening brief, namely that the Court misapplied certain cases, and disagrees with Defendants' reframing of Plaintiff's questions for certification of interlocutory appeal. *Id.*

The Court now addresses the merits of the motion.

## II. THE MOTION FOR RECONSIDERATION

Local Civil Rule 7.1(i) governs motions for reconsideration in this District and requires a movant to set forth "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i). While "reconsideration

is an extraordinary remedy that is granted 'very sparingly,' " L. Civ. R. 7.1 (i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003)), to prevail on a motion for reconsideration, the moving party must assert "one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct a clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). As to the third ground, "a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *ABS Brokerage Servs. v. Penson Fin. Servs.*, Inc., No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F.3d 591, 603–04 (3d Cir. 2008)).

However, a motion for reconsideration "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). As such, advancement of the same arguments asserted in the underlying motion is not a proper basis for reconsideration, *Lazaridis*, 591 F.3d at 669, since "mere disagreement with the Court's decision does not suffice," *Rich v. State*, 294 F. Supp. 3d 266, 272–73 (D.N.J. 2018) (collecting cases) (internal quotation marks and modifications omitted).

In his motion, Plaintiff fails to articulate upon which of the three grounds he moves for reconsideration, more less articulate the applicable reconsideration standard at all. Instead, Plaintiff rehashes arguments already considered by the Court in the Opinion, disagrees with the Court's analysis of controlling case law, and argues that the Court improperly applied that law to the facts of this case. *See* ECF No. [123] at 2-16. As is clear from binding precedent in this Circuit, none of these arguments are properly presented on a motion for reconsideration. *See, e.g.*, *Lazaridis*, 591 F.3d at 666. Such a motion is not opportunity Plaintiff, dissatisfied with the Court's Opinion, to relitigate those arguments already considered—and rejected—by the Court. Accordingly, the motion for reconsideration is **DENIED**.

### III. THE MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL

28 U.S.C. § 1292(b) provides, in relevant part, that:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially

advance the ultimate termination of the litigation, he shall so
state in writing in such order.

"The statute imposes three criteria for the district court's exercise of discretion to grant a § 1292(b) certificate." *F.T.C. v. Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602, 633 (D.N.J. 2014), *aff'd.* 799 F.3d 236 (3d Cir. 2015) (quoting *Katz v. Carte Blanche Corp.,* 496 F.2d 747, 754 (3d Cir.1974)). "The burden is on the movant to demonstrate that all three requirements are met." *Id.* (quoting *Litgo N.J., Inc. v. Martin,* No. 06–2891, 2011 WL 1134676, at *2 (D.N.J. Mar. 25, 2011)).

"Certification, however, should only rarely be allowed as it deviates from the strong policy against piecemeal litigation." *Huber v. Howmedica Osteonics Corp.*, No. 07–2400, 2009 WL 2998160, at *1 (D.N.J. Mar. 10, 2009). Accordingly, "even if all three criteria under Section 1292(b) are met, the district court may still deny certification, as the decision is entirely within the district court's discretion." *Morgan v. Ford Motor Co.,* No. 06–1080, 2007 WL 269806, at *2 (D.N.J. Jan. 25, 2007).

As noted above, Plaintiff seeks certification of two questions which he frames as "controlling issues of law": (1) "whether a safety protection plan of supervised contact is a clearly established usurpation of the familial rights of substantive due process after the official has completed interviewing all the child's collaterals and did not discover any reasonable evidence that the child was abused or in danger of abuse?" and (2) "when the official fails to disclose the right to oppose the safety protection plan and fails to disclose the right to a post deprivation hearing, whether the parent's signature to that safety protection plan constitutes a valid waiver to any procedural due process otherwise owed to the parent?" *See* ECF No. [123] at 16-19.

At the outset, the Court notes that, even if the factors under 28 U.S.C. § 1292(b) are met here, the Court retains discretion to deny certification for interlocutory appeal. However, because both of Plaintiff's questions (and Defendants' reformulations) have failed to meet at least one of these requirements, certification is improper.

As to the first question, Plaintiff argues that since no authority in this Circuit is directly on point regarding whether Defendants' actions violated a "clearly established right," there is a "substantial ground for difference of opinion" on Question 1. *See* ECF No. [123-1] at 18. However, to make this argument, Plaintiff misconstrues the Court's analysis regarding whether the Plaintiff's right was clearly established *for purposes of qualified immunity under Section 1983* with the requirement that there may be a difference of opinion as to the controlling law under 28 U.S.C. § 1292(b). In fact, the Court notes that it is unlikely that there would be any difference of opinion whether Plaintiff's substantive due process right as asserted in the complaint was clearly established at the time of the challenged conduct given the dearth of controlling case law on point.

5

Question 2 similarly fails at least one requirement of 28 U.S.C. § 1292(b). Plaintiff cites to two cases where a district court found no genuine issue of material fact on summary judgment as to the alleged procedural due process violation. *Isbell v. Bellino*, 962 F. Supp. 2d 738, 747 (M.D. Pa. 2013) and *Doe v. Fayette Cty. Children & Youth Servs.*, No. CIV.A. 8-823, 2010 WL 4854070, at *16 (W.D. Pa. Nov. 22, 2010). Here, however—and as noted in the Court's Opinion—the parties disagree regarding the nature and substance of the conversation at the time the Safety Plan was implemented. Thus, "immediate appeal from the order" would not "materially advance the ultimate termination of the litigation," since trial would still be required to resolve these factual issues. 28 U.S.C. § 1292(b). While Plaintiff may seek appellate review in due course, certification of interlocutory appeal on either question is not appropriate here. Plaintiff's motion for certification of interlocutory appeal is accordingly **DENIED**.

### III. CONCLUSION

For the reasons stated above, Plaintiff's motion, ECF No. [123], is **DENIED.** An appropriate order follows.

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**